In re FITTON.

(Circuit Court, D. Vermont. April 15, 1893.)

INTERSTATE RENDITION—INFRACTION OF DISCHARGE—HABEAS CORPUS.

Relator was extradited from New York for larceny. He furnished bail, and was at once rearrested on a prior charge of perjury, and was discharged by the federal circuit court on habeas corpus with protection for one day, in which to return to New York. He appealed on the ground that protection should have been extended during the pendency of the proceeding for larceny, which appeal was dismissed during his enlargement on bail and while he was confined in jail for contempt against a state court in an entirely different matter. He was then convicted in the state court of perjury, and sentenced to the penitentiary for ten years, from which he claimed a discharge on the ground that he was convicted of the perjury pending his bail in the larceny proceeding. *Held*, that having, by his contempt of court, placed himself in a position where he could not surrender himself in discharge of his bail, and the state having done nothing on the indictment for perjury to prevent such surrender, he was not entitled to a discharge.

At Law. Application by Robert Fitton for discharge on habeas corpus from a conviction of perjury in a state court. Application denied.

Robert Fitton, pro se.
William W. Stickney, for the State.

WHEELER, District Judge. The relator was extradited from the state of New York for larceny, was bound over, and furnished bail. He was at once rearrested on a prior charge of perjury, and was afterwards discharged by this court from that arrest on habeas

corpus, with protection for one day, in which to return to that state. In re Fitton, 45 Fed. Rep. 471. An appeal was taken by him because the protection was not during the proceedings for larceny, and he was enlarged on bail pending the appeal, which was dismissed for want of appearance April 22, 1891. The mandate was filed in this court April 28th. He was at that time confined in the jail of the county where the indictment for perjury was pending, for a contempt of the order of the state court in a divorce proceeding, committed after his discharge, and was on the 9th of May further committed for want of bail for an attempt to break open the said jail during that confinement. He was taken into court, tried and convicted on the indictment of perjury, June 4th and 5th, and pleaded guilty to an information for attempting to break jail. He was sentenced to the state prison for two years for the attempt to break jail, and for ten years thereafter for the perjury. The sentence for attempting to break jail has by allowances for good behavior now expired, and he seeks discharge on this writ from the sentence for perjury because of the judgment on the former writ, and of his being under bail in that proceeding when he was tried.

The dismissal of an appeal "is not an affirmance of the judgment of the court below. It remits the case to the court to have proceedings to carry the judgment into effect, if in the condition of the case there is nothing to prevent it." U. S. v. Gomez, 23 How. 326. When the mandate on the dismissal of the appeal was filed in this court, the judgment of discharge from the arrest on the indictment for perjury, with the protection for a day, was left in force, to be carried out. Nothing done by the state on the indictment for perjury prevented the relator from then surrendering himself to this court in discharge of his bail, and departing under the protection, nor from departing without surrender, if he would without relieving his sureties. Whether he would protect them by surrender if he could, and would keep himself free so that he could, was a risk they took by becoming his bail. Taylor v. Taintor, 16 Wall. 366. The entanglement for contempt, which at that time alone held him, had been voluntarily begun by him, and, although in form the proceeding was criminal, it was for the protection of a merely private right. He had his day for departure. The placing of him where he could not depart was done by himself.

Section 766, Rev. St. U. S., provides that pending the proceedings or appeal, "and until final judgment therein, and after final judgment of discharge, any proceeding against the person," "in any state court," "for any matter so heard and determined, or in process of being heard and determined," "shall be deemed null and void." The relator insists that his trial and sentence while he was under bail in this court were within this provision. Counsel for the state insists that, if so, the proceeding in the state court was a mere error, which should be corrected by a proceeding in error to the highest court of the state, and, if necessary, to the supreme court of the United States, and cannot be corrected or relieved from in this court on habeas corpus. If, however, the trial and sentence are made wholly void by a law of the United States, any custody under them

is a violation of that law, relief from which is expressly left on habeas corpus with the courts of the United States. Rev. St. U. S. § 753. Nothing was pending in the supreme court. The appeal had not only been dismissed, and the mandate sent down and filed, but the term had been adjourned without delay. In re Jugiro, 140 U. S. 291, 11 Sup. Ct. Rep. 770. The judgment of this court was complete; the mandate left it as it was before, and nothing remained here undetermined. There was a final judgment of discharge, not from the indictment, but only from that arrest.

If the relator had departed pursuant to the arrest, he would have done so subject to be reached again by extradition or to arrest again if he should come within the state. He was found within the state because he had so involved himself that he could not get out of it pursuant to the judgment, and was arrested anew. This new arrest was not anything included by the judgment of discharge. The enlargement on bail was an incident to the appeal, and not any part of the judgment appealed from. That a person is under bail in one jurisdiction does not prevent the person from being arrested and proceeded with for another purpose in another jurisdiction, although it might for the same purpose. Taylor v. Taintor, 16 Wall. 366. This court could not try the relator for the perjury. The state court could, as soon as everything had been determined here on the habeas corpus, and the trial did not interfere with the judgment of discharge. The former judgment was probably erroneous, (Lascelles v. Georgia, [April 3,] 13 Sup. Ct. Rep. 687;) but as it was not in any way reversed, and remained in full force, the relator is entitled to its full effect as well as if it had been founded upon the best of reasons. Giving it that effect does not entitle him to discharge here from his present confinement. Relator remanded.